IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 3 0 2006

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:05-CR-076-C(01) |
| | § | |
| DAVID ZAPATA NORIEGA, JR. | § | |

## PLEA AGREEMENT

David Zapata Noriega, Jr., Assistant Federal Public Defender Shery Kime-Goodwin, the defendant's attorney, and the United States of America (the government), agree as follows:

1.   **Rights of the defendant**:   Noriega understands that he has the right

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.   against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:   Noriega waives these rights and pleads guilty to the offense alleged in count one of the superseding indictment, charging a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine and Aiding and Abetting.  Noriega understands the nature and

elements of the crime to which he is pleading guilty, and agrees that the factual resume he

has signed is true and will be submitted as evidence.

    3.    **Sentence**:  The maximum penalties the Court can impose include:

        a.    imprisonment for a period not to exceed twenty (20) years;

        b.    a fine not to exceed $1,000,000;

        c.    a term of supervised release which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

        d.    a mandatory special assessment of $100.00;

        e.    restitution to victims or to the community, which may be mandatory under the law; and

        f.    costs of incarceration and supervision.

    4.    **Court's sentencing discretion and role of the Guidelines**:   Noriega

understands that the sentence in this case will be imposed by the Court after consideration

of the United States Sentencing Guidelines.  The guidelines are not binding on the Court,

but are advisory only.   Noriega has reviewed the guidelines with his attorney, but

understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case.  All parties agree and stipulate that Noriega is responsible for

at least 30 grams, but less than 40 grams, of Methamphetamine under section 2D1.1 of

the United States Sentencing Guidelines.  All parties agree and stipulate that a dangerous

weapon (a firearm) was possessed and, therefore, a two-level increase under section

2D1.1(b)(1) of the United States Sentencing Guidelines is appropriate.  The defendant understands and agrees that any stipulations and agreements are not binding upon the Court or the United States Probation Office.  Noriega will not be allowed to withdraw his plea if his sentence is higher than expected.  Noriega fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.      **Mandatory special assessment**:    Noriega agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's cooperation**:  Noriega shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities.  Upon demand, Noriega shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7.      **Government's agreement**:  The government will not bring any additional charges against Noriega based upon the conduct underlying and related to Noriega's plea of guilty.  The government will dismiss, after sentencing, any remaining charges in the pending indictment.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local

prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Noriega or any property.

8.      **Violation of agreement**:   Noriega understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Noriega for all offenses of which it has knowledge.  In such event, Noriega waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Noriega also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.      **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.      **Representation of counsel**: Noriega has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Noriega has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Noriega has

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11.   **Waiver of right to appeal or otherwise challenge sentence**:  Noriega waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, on any ground, except claims of ineffective assistance of counsel. Noriega also reserves the right: (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) to challenge the voluntariness of his plea of guilty or this waiver.

12.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _8th_ day of _March_ ,

2006.

RICHARD B. ROPER
UNITED STATES ATTORNEY

David Zapata Noriega, Jr.
Defendant

JEFFREY R. HAAG
Assistant United States Attorney
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7559
Facsimile:   806.472.7394
E-mail:      jeffrey.haag@usdoj.gov

Shery Kime-Goodwin
Attorney for Defendant

ROGER L. MCROBERTS
Deputy Criminal Chief

**Noriega Plea Agreement - Page 6**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_David Zapata Noriega, Jr._
David Zapata Noriega, Jr.

_3/8/06_
Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
Shery Kime-Goodwin
Attorney for Defendant

_3/8/06_
Date